IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-01062-CYC

GREGORIO MARTINEZ TORRES,

     Petitioner,

v.

MARKWAYNE MULLIN[1], in his official capacity as Secretary of the Department of Homeland Security;
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement;
ARTHUR WILSON, in his official capacity as Field Office Director;
JUAN BALTAZAR, in his official capacity as the warden of the Aurora Immigration Detention Facility;
PAMELA BONDI, in her official capacity as the United States Attorney General;
THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; and
THE BOARD OF IMMIGRATION APPEALS,

     Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Gregorio Martinez Torres, a detainee at the Aurora Contract Detention Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"). Instead, he says, 8 U.S.C. § 1226(a) governs his detention vel non. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court

---

[1] Markwayne Mullin has become the Secretary of the Department of Homeland Security and is automatically substituted as the defendant in this case pursuant to Fed. R. Civ. P. 25(d).

grants in part the Petition.

## BACKGROUND

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). The petitioner seeks release or, in the alternative, a bond hearing. ECF No. 1 at 14–15.

The petitioner, a citizen of Mexico, has lived in the United States since he entered without admission or parole in 2011. ECF No. 1 at 2, 7. As a result, he had been present in the United States for years before he was encountered by Department of Homeland Security ("DHS") officers on January 21, 2026. *Id*. at 7. That day, DHS issued him a Notice to Appear, which indicated that he was "an alien present in the United States who has not been admitted or paroled." ECF No. 1-1 at 1. After he was taken into custody, he was transported to the Aurora Contract Detention Facility and has been detained there since. ECF No. 1 at 8. On March 13, 2026, an Immigration Judge indicated that she lacked jurisdiction to hear the petitioner's bond hearing because DHS classified the petitioner as an applicant for admission. *Id.* at 2, 8. The petitioner argues that he is entitled to a bond hearing under 8 U.S.C. § 1226, and the respondents do not offer any evidence of a criminal history that requires mandatory detention. *See* 8 U.S.C. §

1226(c). Instead, they maintain that he is detained pursuant to 8 U.S.C. § 1225(b). ECF No. 10 at 2–4.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

To meet that burden, the petitioner argues that 8 U.S.C. § 1226(a) applies to him, "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination), and that his continued detention premised on 8 U.S.C. § 1225(b)(2)(A) violates his due process rights and the Immigration and Nationality Act. ECF No. 1 at 4, 8–. The Court has previously resolved this legal question in favor of a similarly situated petitioner. *Jimenez Facio*, 2025 WL 3559128, at *1–4. The respondents recognize this, but "respectfully disagree with that ruling." ECF No. 10 at 2. The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases and incorporates its analysis from *Jimenez Facio*. 2025 WL 3559128, at *1–4. To the extent the respondents contend that the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026), makes a difference, *see* ECF No. 10 at 2–3, Judge Sweeney's thorough rebuttal of that divided decision provides a solid foundation to maintain the consensus that exists in this District. *See Singh v. Baltazar*, --- F. Supp. 3d ----,

3

2026 WL 352870, at *3–6 (D. Colo. Feb. 9, 2026). The respondents also reference the Eighth

Circuit's recent decision in *Avila v. Bondi*. --- F.4th ----, 2026 WL 819258 (8th Cir. Mar. 25,

2026) and decisions of "some district courts . . . that have agreed with [their] interpretation of the

statute." ECF No. 10 at 3. But they present no argument why these non-binding decisions require

the Court to reverse itself on this legal question. Indeed, they concede that "until the Tenth

Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the

same result here if the Court adheres to that decision, as the facts of this case are not materially

distinguishable from that case for purposes of the Court's decision on the legal issue of whether

Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id*. at 3. And having

reviewed the cited decisions, the Court finds no reason to reverse itself. Accordingly, the Court

finds that the petitioner is detained pursuant to 8 U.S.C. § 1226, and his continued detention

without a bond hearing is therefore a violation of due process.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is

**GRANTED in part**.

It is further ORDERED that

(1) the respondents shall provide the petitioner with a bond hearing under 8 U.S.C.

§ 1226(a) within **seven days** of this Order;

(2) the respondents are **ENJOINED** from denying bond to the petitioner on the basis that

he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

(3) the respondents shall file a status report within **seven days** of the petitioner's bond

hearing, stating whether he has been granted bond, and, if his request for bond was

denied, the reasons for that denial.

Entered and dated this 30th day of March, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge